Michael P. **PENROD,** Appellant
(Defendant below),

v.

**STATE of Indiana,** Appellee
(Plaintiff below).

No. 35S02–0403–CR–142.

Supreme Court of Indiana.

June 17, 2004.

Susan K. Carpenter, Public Defender of Indiana, Gregory L. Lewis, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 35A02–0304–CR–299

SHEPARD, Chief Justice.

Appellant Michael Penrod was convicted of rape, kidnapping, and two counts of confinement all arising out of an attack on E.H. We conclude that the episode constituted one continuous confinement and vacate the two confinements.

Seventeen-year-old E.H. was home alone one evening when Penrod appeared in her hallway with a gun. He ordered her downstairs to the garage, where they met Penrod's accomplice. The three left in E.H.'s car, pausing briefly so that the accomplice could exit and drive another vehicle. Penrod drove to Huntington Reservoir, ordered E.H. out of the car, made her take off her pants, and began rubbing her with his penis.

Penrod then took E.H. to the backseat of her car and raped her twice. He forced her into the trunk, drove a short distance, and finally left her in the vehicle, saying he would return shortly. E.H. eventually forced the backseat down and crawled out into the passenger compartment. Fearful that Penrod might be watching, she crawled back into the trunk. Sometime later, she left for help.

A jury found Penrod guilty on all counts. The trial court ordered maximum sentences on all counts and directed that the sentences be consecutive. The Court of

Appeals affirmed. *Penrod v. State,* No. 35A02–0304–CR–299, 802 N.E.2d 60 (Ind. Ct.App., December 29, 2003). We granted transfer.

Penrod contends that multiple convictions of confinement were improper and alleges an error in instructing the jury. On this latter point, we summarily affirm the Court of Appeals denial of relief. Ind. Appellate Rule 58A(2).

■ As for the kidnapping and confinement counts, the charging instrument alleges that the kidnapping occurred when Penrod confined E.H. in the course of hijacking her vehicle. One of the confinement counts alleges that Penrod confined E.H. by transporting her to the scene of the rapes; the other alleges that he confined her by placing her in the trunk. On appeal, the State has argued that the two confinements are separate because E.H. escaped from the trunk (ending confinement one) and then retreated to the trunk out of fear (confinement two). It argues that each of these is sufficiently distinct to support a separate conviction.

■ Penrod contends that these events constituted one continuous confinement, and we conclude that he has the better of the arguments. As the Court of Appeals has said, "A confinement ends when the victim both feels free and is, in fact, free from detention, and a separate confinement begins if and when detention of the victim is re-established." *Boyd v. State,* 766 N.E.2d 396, 400 (Ind.Ct.App.2002). Where that has not occurred, multiple convictions are inappropriate even when there are variations in the way the counts are charged. *Curry v. State,* 643 N.E.2d 963, 980–81 (Ind.Ct.App.1994) (just one confinement where victim was "confined and removed from one place to another, but she was never free ... even during [perpetrator's] absences from the vehicle, she did not feel free to attempt an escape because she did not know if she was being watched"). The confinements as charged here occurred during the greater course of the kidnapping and thus were not appropriate as separate crimes.

We vacate the two confinement convictions and affirm the fifty years for rape followed by the fifty years for kidnapping.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.